## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

JOYCE ANN FRINK,                              **CASE NO. 23-00101-5-DMW**
                                               **CHAPTER  13**

      **DEBTOR(S)**

## MOTION FOR HARDSHIP DISCHARGE

NOW COMES the Debtor, by and through the undersigned counsel, and pursuant to the provisions of 11 U.S.C. §1328(b) of the United States Bankruptcy Code, respectfully requests that the Court enter an order discharging the debts of the Debtor. In support thereof, the Debtor shows the Court as follows:

1. The Debtor filed a petition under Chapter 13 of the Bankruptcy Code commencing this case on January 13, 2023. Joseph A. Bledsoe, III serves as the duly appointed Chapter 13 Trustee.

2. The Chapter 13 Plan of the Debtor was confirmed by this Court on October 2, 2023 [D.E. 52]. Initially, the Plan payments of the Debtor were $358.00 per month for 8 months followed by $1,050.00 for the remaining 52 months.

3. Under the terms of the Confirmed Plan, secured creditors were treated as follows: (a) cramdown of the liens of US Bank Trust National Association conduit mortgage payment to the lienholder who is secured by the Debtor's residence, [Claim No. 9]; (b) cramdown of the lien to the lienholder who is secured by the Debtor's 2015 Chevrolet Malibu [Claim No. 2]; (c) payments through the Trustee (not subject to cramdown) to Columbus County Tax Office [Claim No. 3]; and Rivertown Credit, LLC on account of its lien against the Debtor's household goods, [Claim No. 7.],

4. Under the Plan, general unsecured creditors were not to receive a distribution as the Debtor has no disposable income, nor would there be any property sold in a Chapter 7 case of the Debtor. See, Chapter 13 Plan, D.E. 49, ¶ 2.5.

5. The Debtor has dealt with a myriad of health issues since the filing of this case. She is currently taking 19 prescribed medications each day for her: cancer in remission, diabetes, fibromyalgia, neuropathy, arthritis, and heart disease. She has been hospitalized several times in the past few months—with her medical issues continuing to worsen. Her increased trips to the various doctors and hospitals, along with the corresponding costs, have caused her to fall behind on her plan payments. This arrearage in plan payments cannot be cured by the Debtor whose income is just Social Security and a modest pension.

6.  The Debtor's failure to complete her plan payments is due to circumstances for which the Debtor should not justly be held accountable.

7.  The value of property that has already been distributed under the Chapter 13 plan to unsecured creditors is not less than the value that would have been distributed to said creditors in a case under Chapter 7 of this title.  General unsecured creditors were not to receive a dividend in this case; general unsecured creditors would have received nothing in a Chapter 7 case of the debtor.

8.  Modification of the Chapter 13 Plan of the Debtor is not practicable due to the size of the secured and priority claims that must be paid, the Debtor cannot reduce her plan payments with a modification of her plan.

9.  Additionally, as a result of the aforementioned secured claims being paid through the Plan, a hardship discharge will leave an unpaid, non-discharged balance on claim nos. 2, 3, 7 and 9. In accordance with In re Tatum, Case No. 05-00809-8-JRL (Bankr. E.D.N.C. Oct. 31, 2007), these lienholders shall have a remaining secured claim in the amount of their remaining balance owed under the plan. As of the filing of this motion, Claim No. 9 (US Bank Trust) has an unpaid secured claim of $25,988.48; Claim No. 2 (One Main Financial) has an unpaid secured claim of $6,903.21; Claim No. 3 (Columbus County Tax Office) has an unpaid balance of $153.88 and, Claim No. 7 (Rivertown Credit, LLC) has an unpaid secured claim of $1,386.00. The non-discharged balances shall accrue annual interest at the rate set forth in the plan of 9.5% except for Columbus County Tax office at 9.0%.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order discharging his remaining debts under 11 U.S.C. § 1328(b), relieve the Trustee of any further duties in this matter, and for such other and further relief the Court deems just and proper.

Dated: April 26, 2024            RICHARD P. COOK, PLLC

/s/ Richard P. Cook
Richard P. Cook
Attorney for the Debtor(s)
N.C. State Bar No. 37614
7036 Wrightsville Ave, Suite 101
Wilmington, NC 28403
Telephone: (910) 399-3458
Email: Richard@CapeFearDebtRelief.com

CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that he is over eighteen (18) years of age and that the:

**MOTION FOR HARDSHIP DISCHARGE**

Was served upon the below named parties, through CM/ECF (where indicated), via electronic mail (where indicated), or by mailing postage prepaid, first class mail to the address(es) shown below:

Via CM/ECF
Joseph A. Bledsoe, III
Chapter 13 Trustee

Service via First Class Mail
Joyce Ann Frink
105 Forest Glen Drive
Apt. 2D
Tabor City, NC 28463
Debtor

Dated: April 26, 2024                           RICHARD P. COOK, PLLC

                                                /s/ Richard P. Cook
                                                7036 Wrightsville Ave, Suite 101
                                                Wilmington, NC 28403
                                                (910) 399-3458

AFFIDAVIT

NEW HANOVER COUNTY

NORTH CAROLINA

I, Joyce Ann Frink, being first duly sworn, deposes and says as follows: I am the Debtor in the above captioned Chapter 13 case. I have read the foregoing Motion for Hardship Discharge and hereby attest, under oath, that the contents thereof are true and accurate to the best of my knowledge.

This the 26th day of April, 2024.

Joyce Ann Frink
Debtor

I, Trudy Olivia Turmel a Notary Public in and for the State and County aforesaid, do hereby certify that Joyce Ann Frink appeared before me this day and, after being duly affirmed, did acknowledge that the foregoing statements were true and accurate to the best of her knowledge and acknowledged the due execution of the foregoing instrument for the purposes therein expressed.

WITNESS my hand and seal, this the 26th day of April, 2024.

Notary Public

My Commission Expires:  March 1, 2026

